UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| Plaintiff | § | |
| | § | |
| v. | § | CIVIL ACTION NO. |
| | § | |
| $77,802.21 SEIZED FROM FROST BANK | § | |
| ACCOUNT NO. XXXXX2556, | § | |
| Defendant | § | |

## COMPLAINT FOR FORFEITURE IN REM

The United States files this action for forfeiture *in rem* and alleges upon information and belief:

*Nature of the Action*

1. This is an *in rem* action to forfeit property to the United States pursuant to 18 U.S.C. § 981.

*Defendant Property*

2. The Defendant is $77,802.21 ("$77,802.21" or "Defendant Property") seized from Frost Bank Account No. XXXXX2556, held in the name of Sambritt, LLC (the "Frost Bank Account").

3. Law enforcement seized the $77,802.21 from a branch of Frost Bank located in McAllen, Texas pursuant to a federal seizure warrant that was signed by United States Magistrate Judge Peter E. Ormsby on or about April 17, 2013 and then executed on or about April 18, 2013. The $77,802.21 is presently on deposit with the U.S. Marshal's Service.

1

4. Sambritt LLC ("Sambritt"), through its president Yolanda Cabrera, filed a claim asserting ownership of the $77,802.21. Sambritt is a limited liability company registered in the State of Texas and doing business in the Southern District of Texas.

*Jurisdiction and Venue*

5. This Court has subject-matter jurisdiction pursuant to 28 U.S.C. §§ 1345 and 1355.

6. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1355(b)(1), 1391(b), and 1395.

*Statutory Basis for Forfeiture*

7. The Defendant Property is subject to forfeiture under 18 U.S.C. § 981(a)(1)(C), which provides for the forfeiture of "[a]ny property, real or personal, which constitutes or is derived from proceeds traceable to . . . any offense constituting 'specified unlawful activity' (as defined in section 1956(c)(7) of this title), or a conspiracy to commit such offense." A violation of 18 U.S.C. § 1343 (wire fraud) is a "specified unlawful activity" pursuant to 18 U.S.C. § 1956(c)(7)(A) and 18 U.S.C. § 1961(1), and a violation of 18 U.S.C. § 1347 (health care fraud) is a "specified unlawful activity" pursuant to 18 U.S.C. § 1956(c)(7)(F). With regard to civil forfeiture of fungible property such as money in a bank account, 18 U.S.C. § 984 provides that funds deposited in an account in a financial institution that are found in the same account as the property involved in the offense that is the basis for the forfeiture shall be subject to forfeiture so long as the action is commenced within one year from the date of the offense.

*Facts*

8. The Medicare program ("Medicare") is a federal health care program

providing benefits to individuals who are over the age of 65 or disabled. Medicare is administered by the Centers for Medicare and Medicaid Services ("CMS"), a federal agency under the U.S. Department of Health and Human Services. Medicare is a "health care benefit program" as defined by 18 U.S.C. § 24(b).

9. As part of its application to participate in Medicare, a Medicare provider must agree to comply with all Medicare related laws and regulations.

10. As a condition for payment for home health services under Medicare, federal law requires that there be a need for home health services and that the need be certified by a qualified physician. Among other things, the physician must certify that the patient was confined to the home and that a plan of care has been established and is periodically reviewed by a physician. 42 C.F.R. § 424.22(a)(1). The certification "must be obtained at the time the plan of care is established or as soon thereafter as possible and must be signed and dated by the physician who establishes the plan." 42 C.F.R. § 424.22(a)(2).

11. For episodes with starts of care beginning on January 1, 2011 and later, the certifying physician must also document that a face-to-face encounter with the patient occurred no more than ninety days prior to the home health start of care date or within thirty days of the start of care. 42 C.F.R. § 424.22(a); Medicare Benefit Policy Manual, Ch. 7, § 30.5.1.

12. Additionally, a physician who reviews the plan of care must sign and date a re-certification of home health services at least every sixty days. 42 C.F.R. § 424.22(b).

13. The physician who signs the certification must be qualified to do so. Unless certain exceptions apply, a physician who has a particular financial relationship, as defined by federal law, with the home health agency is prohibited from certifying or recertifying the

need for home health services provided by that agency, establishing or reviewing a plan of treatment, or conducting a face-to-face encounter with patients. 42 C.F.R. § 424.22(d).

14. On or about March 25, 2010, Medicare issued a National Provider Identification number to Sambritt, a home health agency located in the Rio Grande Valley.

15. Sambritt submitted claims for payment by Medicare through electronic means.

16. Sambritt has devised and executed a scheme to defraud Medicare. Generally, Sambritt's scheme included but was not limited to the following conduct: (a) submitting claims for home health services that were not medically necessary; (b) submitting home health claims to Medicare for payment without having obtained a signed certification from the patient's physician as to the need for home health services and the plan of care; (c) having forged physicians' signatures on home health certifications and plans of care in an attempt to support, in the event of review or audit, claims that were billed to Medicare; (d) having Sambritt's medical directors sign home health certifications and plans of care regardless of whether the patients were under their care or had been evaluated by them in an attempt to support, in the event of review or audit, claims that were billed to Medicare; (e) instructing employees to alter or falsely complete notes in order to bill Medicare; (f) misrepresenting patients' conditions on home health certifications and plans of care; and (g) billing for services that were not performed.

17. During calendar years 2010, 2011, and 2012, Sambritt submitted more than $4 million in home health claims to Medicare, resulting in payments to Sambritt of more than $3 million.

18. In or about August 2011, Sambritt provided Palmetto GBA, the Medicare contractor that processes and pays home health claims, an authorization for electronic fund

transfers of Medicare payments into Sambritt's Frost Bank Account. Thereafter, Medicare funds were direct deposited into the Frost Bank Account in payment of fraudulent claims submitted by Sambritt.

*Conclusion*

19. The $77,802.21 seized from the Frost Bank Account constitutes or is derived from proceeds traceable to violations of 18 U.S.C. §§ 1343 (wire fraud), 1347 (health care fraud), and 1349 (conspiracy to commit fraud), and is, therefore, subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C).

*Notice to Any Potential Claimants*

YOU ARE HEREBY NOTIFIED that if you assert an interest in Defendant Property which is subject to forfeiture and want to contest the forfeiture, you must file a verified claim which fulfills the requirements set forth in Rule G of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions. A verified claim must be filed no later than thirty-five (35) days from the date this Complaint has been sent in accordance with Rule G(4)(b).

An answer or motion under Rule 12 of the Federal Rules of Civil Procedure must be filed no later than twenty-one (21) days after filing the claim. The claim and answer must be filed with the United States District Clerk for the Southern District of Texas at United States Courthouse, 515 Rusk Avenue, Houston, Texas 77002, and a copy must be served upon the undersigned Assistant United States Attorney at United States Attorney's Office, 1000 Louisiana, Suite 2300, Houston, Texas 77002.

*Prayer*

Wherefore, the United States of America prays that judgment of forfeiture be entered

against the Defendant Property in favor of the United States of America under 18 U.S.C. § 981(a)(1)(C) in addition to such costs and other relief to which the United States of America may be entitled.

        Respectfully submitted,

        Kenneth Magidson
        United States Attorney

By:  /s/Lori S. Roth
        Lori S. Roth
        Email: lori.roth@usdoj.gov
        Texas State Bar No. 24076691
        SDTX Bar No. 1383270
        Assistant United States Attorney
        United States Attorney's Office
        1000 Louisiana, Suite 2300
        Houston, TX 77002
        Telephone: (713) 567-9000
        Fax: (713) 718-3300

*Verification*

I, David Hunter, a Special Agent with the Federal Bureau of Investigation, hereby verify that the facts set forth in the foregoing Complaint For Forfeiture In Rem are based upon either personal knowledge or from information, reports, or records obtained during investigation, and are true and correct to the best of my knowledge and belief.

David Hunter
Special Agent
Federal Bureau of Investigation

Sworn and subscribed before me, the undersigned authority, on September 3, 2013.



Mariselda C. Garza
Notary Public in and for the State of Texas

My commission expires: 04/03/2017

7